## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TANYA VIRGADAMO** | * | **CIVIL ACTION NO: 13-2621** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION "G"** |
| | * | |
| | * | |
| **CITY OF KENNER AND JOHN HELLMERS,** | * | **JUDGE BROWN** |
| **IN HIS INDIVIDUAL CAPACITY AND IN HIS** | * | |
| **OFFICIAL CAPACITY AS THE FIRE CHIEF** | * | |
| **OF THE CITY OF KENNER** | * | **MAGISTRATE SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL AND AMENDED COMPLAINT

### I. JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 42 U.S.C. §§ 1983, 1985, 1988, and 28 U.S.C. §1367, the Court's Supplemental Jurisdiction.

### II. VENUE

2. Pursuant to 28 U.S.C. § 1391, the unlawfully and discriminatory action about which Plaintiff complains occurred within the Eastern District of Louisiana, and therefore this Court is a proper venue for this action.

### III. PARTIES

3. At all times relevant hereto, Plaintiff, Tanya Virgadamo, was a citizen of the United States of America and a person of the full age of majority and a resident of and domiciled in the Eastern District of Louisiana.

4. At all times relevant hereto, Defendant, City of Kenner, was a municipality incorporated pursuant to the provisions of Article 6, § 2 of the Louisiana Constitution of 1974 and L.S.A.-R.S. 33:1 *et seq.*

5. At all times relevant hereto, Defendant, John Hellmers, in his individual capacity and in his official capacity as the Fire Chief of the City of Kenner, was a resident of and domiciled in the Eastern District of Louisiana.

## IV.  STATEMENT OF THE CLAIMS

6. At all times relevant hereto, Plaintiff, Tanya Virgadamo, was a female, whose date of birth is October 11, 1968.

7. At all times relevant hereto, Defendant, City of Kenner, was engaged in an industry affecting interstate commerce, and Defendant, City of Kenner, employed more than twenty (20) employees in the state of Louisiana.  As a result, at all times relevant hereto, Defendant, City of Kenner, was an employer pursuant to the provisions of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Louisiana Employment Discrimination Law (LEDL), R.S. 23:301, *et seq.*

8. On or about November 9, 2011, Plaintiff, Tanya Virgadamo, applied for the position of firefighter with Defendant, City of Kenner.

9. In furtherance of her application for a firefighter position, Plaintiff, Tanya Virgadamo, took the civil service examination for the position of firefighter at Jefferson Parish in approximately December of 2011.

10. On or about January 20, 2012, Plaintiff was notified by the Jefferson Parish Department of Fire that she had passed the firefighter civil service examination with a grade of 88.

11. Plaintiff, Tanya Virgadamo, had her civil service test score transferred from Jefferson Parish to the City of Kenner, and on or about July 30, 2012, Defendant, City of Kenner, notified

Plaintiff that Defendant had accepted her civil service examination test score and had placed her on the employment list for the firefighter position.

12. Thereafter, on or about January 30, 2012, the City of Kenner Municipal Fire & Police Civil Service Board advised the Plaintiff, Tanya Virgadamo, in writing that it had accepted the transfer of her grade of 88 on the firefighter test from the Jefferson Parish Fire Department and that she had **"successfully passed the firefighter examination and was placed on the employment list for the class of firefighter on the date listed above"** which was January 20, 2012.

13. In its January 13, 2012 letter, the City of Kenner Municipal Fire & Police Civil Service Board also advised the Plaintiff, Tanya Virgadamo, that her grade of 88 would **"remain in effect eighteen (18) months from"** January 12, 2012 or until July 20, 2013.

14. Thereafter, on or about March 14, 2012, Plaintiff, Tanya Virgadamo, was interviewed in connection with her application for a firefighter position with Defendant, City of Kenner, by three (3) male employees of the City of Kenner Fire Department, including Defendant, John Hellmers, in his individual and official capacities.

15. During that March 14, 2012 interview, the three (3) male interviewers asked the Plaintiff, Tanya Virgadamo, approximately sixty (60) questions from an **"Interview Sheet"** that the Kenner Fire Department used in interviewing applicants pursuant to a policy and/or custom of Defendant, City of Kenner.

16. Included in the questions that the three (3) male interviewers asked the Plaintiff, Tanya Virgadamo, was whether she objected to **"the use of obscene language"** in her **"presence"** and whether Plaintiff objected **"to seeing males in various state of undress."**

3

17. At all times relevant hereto, of approximately ninety-five (95) firefighters employed by Defendant, City of Kenner, only one (1) was female.

18. After the interview, Plaintiff, Tanya Virgadamo, was scheduled for and passed a stress EKG and psychological examination.

19. Nevertheless, despite having passed all the requisite tests, including the civil service tests with a score of 88, Defendants, John Hellmers, in his individual and official capacities, and the City of Kenner, refused to hire Plaintiff, Tanya Virgadamo, as a firefighter.

20. At all times relevant hereto, Defendant, John Hellmers, in his individual and official capacities, pursuant to a policy and/or custom of the City of Kenner, was the final decisionmaker in regard to the hiring of firefighters for the City of Kenner, including the decision not to hire Plaintiff, Tanya Virgadamo.

21. Additionally, at all times relevant hereto, Defendant, John Hellmers, in his individual and official capacities, was the policymaker of Defendant, City of Kenner, in regard to the hiring of firefighters.

22. While refusing to hire the Plaintiff, Tanya Virgadamo, as a firefighter despite the fact that she had passed all the requisite tests for the position, Defendant, John Hellmers, in his individual and official capacities, hired two (2) males for the position of firefighter on or about May 7, 2012, from the list of eligible candidates which list included the Plaintiff.

23. After learning that Defendants had hired two (2) male firefighters on May 7, 2012, Plaintiff, Tanya Virgadamo, called Defendant, John Hellmers, and asked him why he did not hire her.

24. During that May 7, 2012 telephone conversation, Defendant, John Hellmers, told Plaintiff that he did not hire her because she had not completed two (2) courses, firefighter one (1) and

firefighter two (2), which courses Defendant, John Hellmers, told Plaintiff were a prerequisite to being hired as a firefighter by the City of Kenner.

25. During that May 7, 2012 telephone conversation, John Hellmers also told Plaintiff, Tanya Virgadamo, that if she wanted to be hired [as a firefighter by the City of Kenner,] Plaintiff needed to complete firefighter one (1) and firefighter two (2).

26. After that conversation, Plaintiff, Tanya Virgadamo, learned that the completion of those two (2) courses was not a prerequisite to being hired as a firefighter by Defendant, City of Kenner.

27. Furthermore, on information and belief, at least, one (1) of the two (2) male firefighters that Defendant, John Hellmers, in his individual and official capacities, hired on May 7, 2012, had not completed either the firefighter one (1) or firefighter two (2) courses.

28. Subsequently, Plaintiff, Tanya Virgadamo, was told by a representative of the City of Kenner that the reason that Fire Chief John Hellmers told him that he did not hire the Plaintiff was not because she had not completed the firefighter one (1) and firefighter two (2), but because Plaintiff's psychological test indicated the she was unmotivated.

29. After being told that her psychological test allegedly indicated that she was unmotivated, Plaintiff, Tanya Virgadamo, learned from the psychologist that her test did not indicate that she was unmotivated, and Plaintiff also learned that she had passed the test.

30. On September 24, 2012, Plaintiff, Tanya Virgadamo, was hired as a firefighter by the Bayou Cane Fire Department in Houma, Louisiana, and since that date, Plaintiff has been performing the duties of a firefighter in a satisfactory manner.

31. Plaintiff, Tanya Virgadamo, still is interested in being hired as a firefighter by Defendant, City of Kenner, because her position with the Bayou Cane Fire Department requires her to travel a great distance to and from work.

32. On or about October 24, 2012 and November 23, 2012, Defendant, John Hellmers, in his individual and official capacities as the Fire Chief of the City of Kenner, hired two (2) additional firefighters for Defendant, City of Kenner, both of whom were males.

33. Despite the fact that Plaintiff, Tanya Virgadamo, has passed all phases of testing required to become a firefighter with the City of Kenner, Defendants, John Hellmers, in his individual and official capacities and the City of Kenner, have refused and continues to refuse to hire Plaintiff, Tanya Virgadamo, for the position of firefighter despite the fact that Plaintiff is still actively seeking a firefighter position with the City of Kenner, and remains on the list of candidates eligible for the position.

34. On or about July 31, 2012, Plaintiff, Tanya Virgadamo, filed a Charge of Discrimination (charge) with the United States Equal Employment Opportunity Commission (EEOC) in which Plaintiff complained of both intentional sex discrimination and intentional age discrimination by Defendant, City of Kenner, in regard to the City of Kenner's refusal to hire her for a firefighter position. **See Exhibit A, Plaintiff's Charge of Discrimination.**

35. Shortly after filing that charge, the EEOC served a copy of Plaintiff's charge on Defendant, City of Kenner.

36. Since learning that Defendants, John Hellmers, in his individual and official capacities and the City of Kenner, hired two (2) additional male firefighters for Defendant, City of Kenner, after Plaintiff, Tanya Virgadamo, filed her EEOC charge on or about July 31, 2012, Plaintiff

has filed an amended charge in which she has alleged sex discrimination, age discrimination, and retaliation in regard to the two (2) male firefighters that Defendants' hired on or about October 24, 2012, and November 23, 2012. **See Exhibit B, Plaintiff's Amended Charge of Discrimination.**

37. On or about March 28, 2013, Plaintiff, Tanya Virgadamo, gave Defendant, City of Kenner, written notice of the allegations in her amended EEOC charge by faxing a letter and a copy of her amended charge to Defendant, City of Kenner.

38. On June 12, 2013, the Civil Rights Division of the U.S. Department of Justice issued Plaintiff a Notice of Right to Sue on the sex discrimination allegations in the EEOC charge that she filed against Defendant, City of Kenner, under Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. **See Exhibit C, Notice of Right to Sue Issued by U.S. Department of Justice to the Plaintiff.**

39. On June 12, 2013, the EEOC issued Plaintiff, Tanya Virgadamo, a Notice of Right to Sue on the age discrimination allegations in the charge that she filed on July 13, 2012. **See Exhibit D, Notice of Right to Sue Issued By The EEOC On The Allegations in Plaintiff's Charge of Discrimination.**

40. The charge that Plaintiff, Tanya Virgadamo, filed with the EEOC was pending before the federal EEOC from July 31, 2012 until June 12, 2013, and as a result, the prescriptive period for Plaintiff's sex discrimination and age discrimination claims under the LEDL was suspended for a period of six (6) months, pursuant to, R.S. 23 § 303D commencing on July 31, 2012.

## V. **STATEMENT OF CLAIMS**

### **COUNT ONE**

41. Plaintiff reiterates all the allegations in Paragraphs 1-40 herein.

42. At all times relevant hereto, Defendant, John Hellmers, in his individual and official capacities, was acting under color of law pursuant to a policy and/or custom of Defendant, City of Kenner, which policy not only discriminated against females in regard to the hiring of firefighters, it also to discriminated against females by discouraging females from seeking the position of firefighter.

43. Defendant's policy and/or custom of not hiring females as firefighters and discouraging females from seeking the position is evidenced by the fact that of approximately ninety-five (95) firefighters employed by Defendant, City of Kenner, only one (1) is a female.

44. The policy of Defendant, City of Kenner, of discouraging females from seeking positions as firefighters is evidenced by some of the questions that Defendant, John Hellmers, in his individual and official capacities, and the three (3) other male interviewers asked Plaintiff, Tanya Virgadamo, during her interview for the position of firefighter.

45. Those questions that Defendant, John Hellmers, in his individual and official capacities, and the three (3) other male interviewers asked Plaintiff, Tanya Virgadamo, during her interview were designed to and had the intended effect of discouraging females from accepting positions as firefighters with the City of Kenner.

46. In refusing to hire Plaintiff, Tanya Virgadamo, despite the fact that she scored an 88 on the civil service examination and despite the fact that she has passed all the other prerequisite tests, and in asking Plaintiff questions that were designed to discourage females from

accepting employment as firefighters, Defendant, John Hellmers, in his individual and official capacities, has and continues to intentionally discriminate against Plaintiff on the basis of her sex, female, in violation of Plaintiff's right to equal protection of the law under the Fourteenth Amendment of the United States Constitution.

47. In violating Plaintiff's right to equal protection of the law under the Fourteenth Amendment of the United States Constitution by intentionally discriminating against Plaintiff, Tanya Virgadamo, on the basis of her sex, female, while acting under color of state law, Defendant, John Hellmers, in his individual and official capacities, intentionally violated Plaintiff's constitutional rights, and as a result, Defendant, John Hellmers, in his individual and official capacities, is legally liable unto the Plaintiff under 42 U.S.C. § 1983.

## COUNT TWO

48. Plaintiff reiterates all the allegations in Paragraphs 1-47 herein.

49. Defendant, City of Kenner, intentionally violated Plaintiff's constitutionally protected right to equal protection of the law, pursuant to a policy and/or custom of the City of Kenner, by asking Plaintiff, Tanya Virgadamo, questions during her interview that were intended and designed to discourage females from accepting employment as Firefighters, and by refusing to hire Plaintiff as a firefighter because of her sex, female, despite the fact that Plaintiff was well qualified for the position, and in doing so, Defendant, City of Kenner, intentionally violated Plaintiff's constitutional rights, and as a result, Defendant, City of Kenner, is legally liable unto the Plaintiff under 42 U.S.C. § 1983.

## COUNT THREE

50. Plaintiff reiterates all the allegations in Paragraphs 1-49 herein.

51. Since Plaintiff, Tanya Virgadamo, filed her EEOC charge on or about July 31, 2012, Defendant, City of Kenner, has refused to hire Plaintiff as a firefighter despite the fact that Plaintiff is well qualified for the position.

52. In filing her EEOC charge on or about July 31, 2012, Plaintiff, Tanya Virgadamo, exercised her First Amendment right of free speech on a matters of public concern which are the sexually discriminatory and age discriminatory hiring policies and practices of Defendant, City of Kenner.

53. Defendant, City of Kenner, retaliated against Plaintiff, Tanya Virgadamo, by refusing to hire her for the position of firefighter because Plaintiff exercised her First Amendment right by filing a charge with the EEOC in which she complained of sexually discriminatory policies and practices by the City of Kenner.

54. In refusing to hire Plaintiff, Tanya Virgadamo, as a firefighter despite her qualifications for the position of firefighter because Plaintiff exercised her First Amendment right of free speech on a matter of public concern, Defendant, City of Kenner, acted, pursuant to a policy and/or custom of the City of Kenner, and as a result, Defendant, City of Kenner, intentionally violated Plaintiff's First Amendment rights and is liable to Plaintiff under 42 U.S.C. § 1983.

**COUNT FOUR**

55. Plaintiff reiterates all the allegations in Paragraphs 1-54 herein.

56. Since Plaintiff, Tanya Virgadamo, filed her EEOC charge on or about July 31, 2012, Defendant, John Hellmers, in his individual and official capacities, has refused to hire Plaintiff as a firefighter despite the fact that Plaintiff is well qualified for the position.

57. In filing her EEOC charge on or about July 31, 2012, in which she complained of sexually discriminatory and age discriminatory hiring practices of Defendants, Plaintiff, Tanya Virgadamo, was exercising her First Amendment right of free speech on matters of public concern.

58. Defendant, John Hellmers, in his individual and official capacities, retaliated against Plaintiff by refusing to hire her for the position of firefighter because Plaintiff exercised her First Amendment right by filing a charge with the EEOC in which she complained of sexually discriminatory and age discriminatory policies and practices by the City of Kenner.

59. In refusing to hire Plaintiff, Tanya Virgadamo, as a firefighter despite her qualifications for the position because Plaintiff exercised her First Amendment right of free speech on a matter of public concern, Defendant, John Hellmers, in his individual and official capacities, intentionally violated Plaintiff's First Amendment rights, and as a result, is legally liable unto Plaintiff under 42 U.S.C. § 1983.

## COUNT FIVE

60. Plaintiff reiterates all the allegations in Paragraphs 1-59 herein.

61. More than thirty (30) days prior to filing this action, Plaintiff, Tanya Virgadamo, gave Defendant, City of Kenner, written notice of and attempted to amicably resolve all her sex discrimination claim(s) in accordance with § 303(C) of the LEDL, R.S. 23:303(C).

62. In refusing to hire Plaintiff, Tanya Virgadamo, as a firefighter because of her sex, female, despite the fact that Plaintiff was well qualified for the position, and in giving pretextual reasons for not doing so, Defendant, City of Kenner, intentionally discriminated against the Plaintiff on the basis of her sex, female, in violation of the LEDL, R.S. 23:332(C).

## COUNT SIX

63. Plaintiff reiterates all the allegations in Paragraphs 1-62 herein.

64. Prior to filing this lawsuit, Plaintiff, Tanya Virgadamo, complied with all the procedural prerequisites to the filing of a claim for sex discrimination under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e, *et seq.*

65. In refusing to hire Plaintiff, Tanya Virgadamo, as a firefighter, because of her sex, female, despite the fact that Plaintiff was well qualified for the position, and in giving pretextual reasons for not doing so, Defendant, City of Kenner, intentionally discriminated against the Plaintiff on the basis of her sex, female, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.*

## COUNT SEVEN

66. Plaintiff reiterates all the allegations in Paragraphs 1-65 herein.

67. Prior to filing this lawsuit, Plaintiff, Tanya Virgadamo, complied with all the procedural prerequisites to the filing of claims for age discrimination under the ADEA, 29 U.S.C. § 621, *et seq.*

68. Additionally and alternatively, Defendant, City of Kenner, intentionally discriminated against Plaintiff, Tanya Virgadamo, on the basis of her age, 43, by refusing to hire Plaintiff as a firefighter on the basis of her age, 43, while hiring younger males who were similarly situated to the Plaintiff and under age 40.

69. In refusing to hire Plaintiff, Tanya Virgadamo, because of her age, 43, Defendant, City of Kenner, intentionally discrimination against Plaintiff on the basis of her age in violation of

the ADEA, 29 U.S.C. § 621, *et seq.*, and in violation of the age discrimination provisions in the LEDL, R.S. 23:312.

## COUNT EIGHT

70. Plaintiff reiterates all the allegations in Paragraphs 1-69 herein.

71. Defendant, City of Kenner, has refused and continues to refuse to hire Plaintiff, Tanya Virgadamo, as a firefighter because Plaintiff complained of unlawful sex discrimination in the charge which she filed with the EEOC.

72. In continuing its refusal to hire Plaintiff, Tanya Virgadamo, because she complained of sex discrimination in the charge that she filed with the EEOC, Defendant, City of Kenner, has unlawfully retaliated against Plaintiff in violation of § 704(A) of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-3(A), for having engaged in activity protected by Title VII.

## COUNT NINE

73. Plaintiff reiterates all the allegations in Paragraphs 1-72 herein.

74. Defendant, City of Kenner, has refused and continues to refuse to hire Plaintiff, Tanya Virgadamo, as a firefighter because Plaintiff complained of unlawful age discrimination in the charge which she filed with the EEOC.

75. In continuing its refusal to hire Plaintiff, Tanya Virgadamo, because she complained of age discrimination in the charge that she filed with the EEOC, Defendant, City of Kenner, has unlawfully retaliated against Plaintiff in violation of § 623 of the ADEA, 29 U.S.C. § 623, and § 312D of the LEDL, R.S. 23:312D, for having engaged in activity protected by the ADEA and the LEDL.

76. As a result of the unlawful actions of Defendants, Plaintiff, Tanya Virgadamo, has suffered damages for which Plaintiff seeks monetary relief in the following non-exclusive areas:

   A. Physical Pain and Suffering;

   B. Mental Anguish, Emotional Distress, Anxiety, Inconvenience, Humiliation, and Injury to Reputation;

   C. Back Pay, Loss of Earnings, and Loss of Earnings Capacity;

   D. Loss of Benefits, Including But Not Limited to, Health Insurance, Retirement Benefits, and Annual and Sick Leave;

   E. Instatement or, in Lieu Thereof, Front Pay;

   F. Medical Expenses;

   G. Reasonable Attorney's Fees; and

   H. Punitive Damages.

77. Plaintiff, Tanya Virgadamo, also respectfully requests that this Honorable Court issue an order requiring Defendants, City of Kenner and John Hellmers, in his individual capacity and in his official capacity as the Chief of the Kenner Fire Department, to hire Plaintiff, Tanya Virgadamo, as firefighter. Alternatively, Plaintiff, Tanya Virgadamo, respectfully requests that this Honorable Court award her front pay.

78. **PLAINTIFF, TANYA VIRGADAMO, DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

**WHEREFORE,** Plaintiff, Tanya Virgadamo, respectfully prays that after all due legal proceedings all conducted and after all legal delays have expired that this Honorable Court render a judgment herein in her favor and against Defendants, City of Kenner and John Hellmers, in his

individual capacity and in his official capacity as the Chief of the Kenner Fire Department, *in solido,* in an amount supported by the evidence, plus reasonable attorney's fees to be determined by the Court, Plaintiff's costs herein, and legal interest from the date of judicial demand.

        Respectfully Submitted,

        /s/ Clement P. Donelon
        CLEMENT P. DONELON, T.A., (LA. BAR #4996)
        3900 N. Causeway Blvd., Suite 1470
        Metairie, Louisiana 70002
        Telephone: (504) 887-0077
        Facsimile: (504) 887-0078
        Cpdlaw@aol.com
        Clem1@cpdlaw.net
        *Counsel for Plaintiff, Tanya Virgadamo*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TANYA VIRGADAMO | CIVIL ACTION NO: 13-2621 |
| VERSUS | SECTION "G" |
| CITY OF KENNER AND JOHN HELLMERS, IN HIS INDIVIDUAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS THE FIRE CHIEF OF THE CITY OF KENNER | JUDGE BROWN<br>MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

I have read the foregoing Supplemental and Amended Complaint in the above-styled matter, and the allegations that I have made therein are true and correct to the best of my knowledge, information and belief.

_____
TANYA VIRGADAMO

SWORN TO AND SUBSCRIBED
BEFORE ME, the undersigned authority
this 20th day of June, 2013.

_____
CLEMENT P. DONELON
Louisiana Bar No. 04996
Notary Public No. 36599